UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 14-00950-TLM |
| WENDELL LAWRENCE JR., ) | |
| KATHLEEN LYDIA LAWRENCE, ) | |
| ) | Chapter 11 |
| ) | |
| Debtors. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION DENYING
MOTION IN LIMINE**

_____

This chapter 11 case has been pending since June 2014.[1]  Wendell and Kathleen Lawrence ("Debtors") have served as debtors in possession throughout the case's twenty-one month duration.  Several plans have been proposed, but none have progressed to consideration of confirmation since Debtors have failed to obtain the prerequisite approval of a disclosure statement.  This Court in January 2016 disapproved the most recent disclosure statement as not meeting § 1125 standards.

Since then, the United States Trustee ("UST") moved to convert or dismiss the case.  The Internal Revenue Service ("IRS") joined that motion.  Doc. Nos.

---

[1] Unless otherwise indicated, statutory references are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532.  References to "Rule" are to the Federal Rules of Bankruptcy Procedure and those to "LBR" are to the Local Bankruptcy Rules of this District.

MEMORANDUM OF DECISION - 1

192, 197. In addition, secured creditor National Loan Acquisition Company ("NLAC") filed two separate motions for stay relief. Doc. Nos. 186, 194. Both the stay relief motions were set for a final § 362(e) hearing on March 16, at the same time as the hearing on the motion to convert or dismiss.[2]

Among a number of prehearing motions, Debtors filed a motion in limine. Doc. No. 216 ("Motion"). Debtors set the Motion for hearing on March 16. The IRS responded on March 9. Doc. No. 220 ("IRS Response").

On March 10, D. Blair Clark, attorney for Debtors ("Counsel") filed a motion to withdraw under LBR 9010.1, a declaration in support, and a motion to shorten time for hearing. *See* Doc. Nos. 226–232. The motion to withdraw was scheduled for hearing on March 14. Notwithstanding Counsel's then-pending motion to withdraw, and prior to the March 14 hearing, Counsel filed a reply brief to the IRS Response and in further support of the Motion. Counsel indicated this was done "to preserve the rights of the client [*i.e.*, Debtors] only." Doc. No. 234.

At the March 14 hearing, the Court granted Counsel's request to withdraw. While the hearing on the UST's motion to convert or dismiss and the final hearing on NLAC's stay relief motion will be delayed due to Counsel's withdrawal and operation of LBR 9010.1, the Court has determined the Motion is properly before the Court and ripe for decision. It has already been addressed by the parties, and

---

[2] In briefing, NLAC argued in support of conversion of the case for cause. *See* Doc. No. 214.

MEMORANDUM OF DECISION - 2

the Court determines the issues are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay on this discrete issue, and because the Court finds the decisional process would not be significantly aided by oral argument, this matter will be decided at this time and without hearing.[3]

**DISCUSSION AND DISPOSITION**

Consistent with the Court's requirements for prehearing evidentiary disclosures regarding the March 16 hearings, the IRS disclosed its prospective witnesses and exhibits. Doc. No. 211. Debtors' Motion seeks to prohibit the testimony of the IRS' proposed witnesses, Revenue Officer Julie Meyer and Revenue Agent Dale Post, and to strike all of the IRS' proposed exhibits except its filed proof of claim. Debtors argue that such testimonial or documentary evidence is prohibited by 26 U.S.C. § 6103(h)(4)[4] at least in the context of the hearing on conversion or dismissal.[5]

---

[3] The Court advised the parties at the March 14 hearing that it intended to rule on the Motion promptly and the twenty-one day period under LBR 9010.1(f)(2)(C) would not operate to preclude that ruling.

[4] Generally speaking, 26 U.S.C. § 6103(a) casts tax returns and return information as "confidential" and prohibits officers and employees of the United States, among others, from disclosing the same. (Returns and return information are defined in 26 U.S.C. § 6103(b), along with other terms.) Under 26 U.S.C. § 6103(h), the information may be disclosed to officers and employees of the Department of the Treasury in connection with their official duties and tax administration purposes. But under 26 U.S.C. § 6103(h)(4), the further disclosure of the same in Federal or State judicial and administrative proceedings may occur only under one of four conditions. *See* 26 U.S.C. § 6103(h)(4)(A)–(D).

[5] Debtors concede that such evidence is likely usable at hearings on other matters in the case. *See* Doc. No. 216 at 3; Doc. No. 234 at 1, 3 and 7.

MEMORANDUM OF DECISION - 3

The IRS counters that such evidence is proper in connection with its arguments for conversion or dismissal, including Debtors' failure to pay post-petition taxes, their unreasonable delay, and the absence of a reasonable likelihood of rehabilitation. The IRS observes that the "return information" may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration[6] (1) if the taxpayer is a party to the proceeding, or the proceeding arose out of or in connection with the taxpayer's civil or criminal liability, or the collection of such liability; or (2) "if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding." *See* Doc. No. 220 (addressing 26 U.S.C. § 6103(h)(4)(A) and (B) respectively).

A bankruptcy case, in which the taxpayer is a participant and party, can implicate the enforcement of tax law in several ways. *See, e.g., In re Guidry*, 354 B.R. 824, 829–31 (Bankr. S.D. Tex. 2006). That court summarized:

> In the end, it is immaterial whether the IRS files a claim, or a discharge is granted or denied. The substance of a judicial proceeding [within the contemplation of 26 U.S.C. § 6103(h)(4)] is determined prospectively, as of the initiation of the action. A debtor files chapter 13 bankruptcy with the intent that all of the debtor's assets and liabilities will be determined and accounted for in a payment plan. This includes tax liability. The intent to adjudicate tax liability is inherent in the bankruptcy filing, regardless of the final outcome of the

---

[6] The term "tax administration" includes the execution of the internal revenue laws, development of tax policy, tax assessment, and tax litigation. 26 U.S.C. § 6103(b)(4). This definition is interpreted broadly because questions of law, litigation and policy are wide-sweeping and open-ended. *United States v. Mangan*, 575 F.2d 32, 40 (2d Cir. 1978); *accord Hobbs v. United States ex rel. Russell*, 209 F.3d 408, 410–11 (5th Cir. 2000).

MEMORANDUM OF DECISION - 4

adjudication.

*Id.* at 831.

Debtors' initial filings in this chapter 11 case noted the presence of substantial IRS claims. Doc. No. 1 at 9, and Doc. No. 9 at 2 (list of 20 largest unsecured creditors pursuant to Rule 1007(d)). Debtors identified the IRS liabilities on their schedules. Doc. No. 20 at 38.[7] When the IRS filed a proof of claim, Debtors objected, asking for a determination of the secured and priority value of such claim. Doc. No. 79. This objection, and the serial but unapproved disclosure statements that followed,[8] make clear that the determination of tax liability is critical to Debtors' attempted reorganization.

26 U.S.C. § 6103(h)(4)(A) allows disclosure "if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability[.]" Debtors attempt to cast the word "proceeding" in a narrow and circumscribed way, arguing their objection to the IRS claim, and the request for determination of liability therein, is such a "proceeding" but the motion to convert or dismiss "has nothing to do with the determination of the Debtors' tax liability." Doc. No. 234 at 5. Such a construction is inappropriately and unreasonably narrow. "There is

---

[7] This disclosure was on schedule D. Debtors' schedule E claimed there were no priority claims. *Id.* at 42.

[8] *See* Doc. Nos. 116 at 4, 6; 150 at 3–5, 7; 173 at 3, 4 and 7.

MEMORANDUM OF DECISION - 5

no dispute that 26 U.S.C. § 6103(h)(4)(A) authorizes the disclosure of return information in *judicial proceedings involving* a taxpayer's civil or criminal liability." *Lampert v. United States*, 854 F.2d 335, 337 (9th Cir. 1988) (emphasis added).[9] Later, in *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485 (9th Cir. 1991), the issue was considered further. There, the "return information" was disclosed in one of the two cases under review (*Allen v. United States*) through recorded federal tax liens and in Allen's bankruptcy filing. The Court of Appeals stated:

> The effect of the inclusion of the disclosed information in Allen's previously filed bankruptcy presents a separate wrinkle in the *Allen* case. *Lampert*, even if interpreted narrowly, is clearly controlling. "Once information is lawfully disclosed in court proceedings, '§ 6103(a)'s directive to keep return information confidential is moot.'" *Lampert*, 854 F.2d at 338 (quoting *Figur v. United States*, 662 F.Supp. 515, 517 (N.D. Cal. 1987)). The fact that the taxpayer, unlike the taxpayers in *Lampert*, initiated the judicial proceedings lends additional strength to the government's argument that the information was no longer confidential. Also the filing of the information in bankruptcy court proceedings makes the information no less public than records in other court proceedings. "[A] paper filed in a case under [the Bankruptcy Code] and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107.

*Id.* at 1489. The Court of Appeals ultimately concluded the debtor's filing of the

---

[9] The issue in *Lampert* (and the cases consolidated therewith) concerned not the disclosure "in" the judicial proceedings which, as noted, the court found not to be in dispute. Rather, it was raised by the taxpayers due to the public disclosure by way of the U.S. Attorney's press releases about the charges, pleas and/or sentences related to those taxpayers. The Ninth Circuit held that 26 U.S.C. § 6103 does not create "a general prohibition" and that court records are in the public domain, such that information in such a record is no longer confidential and subject to § 6103's prohibition. *Id.* at 337–38.

MEMORANDUM OF DECISION - 6

bankruptcy petition placed the information in the public domain and thus it was no longer confidential and its subsequent disclosure could not violate 26 U.S.C. § 6103.

Under the provisions of the Internal Revenue Code, as judicially interpreted, the return information can be disclosed and used in Debtors' case. Debtors are obviously a party to this chapter 11 judicial proceeding, and this proceeding is, *inter alia*, manifestly one that addresses and is "in connection with" the determination and collection of Debtors' civil tax liability. 26 U.S.C. § 6103(h)(4)(A). Furthermore, the treatment of the matters on such returns and return information is also "directly related to the resolution of an issue in the proceeding." 26 U.S.C. § 6103(h)(4)(B).

The "proceeding" here is the chapter 11 case. The fact that the IRS' assertions, and its proposed supporting documentary and testimonial evidence, regarding Debtors' tax liability might be more directly put at issue through claim objection does not make the same irrelevant to the issues raised under the motion seeking dismissal or conversion under § 1112(b).[10] Debtors' attempt to cabin the evidence and allow it only in later claim-specific litigation they advance, but foreclose its use in connection with the matters brought by creditors under

---

[10] The Court recognizes that, beyond the suggested statutory bar, Debtors raise issues with the IRS' review and audit process and the weight to be given such evidence. It is the blanket prohibition urged by Debtors under 26 U.S.C. § 6103(h)(4) that is addressed in this Decision.

MEMORANDUM OF DECISION - 7

§ 1112(b), is unpersuasive and untenable under the authorities.

Based on the foregoing, the Motion filed by Debtors, Doc. No. 216, will be denied. An appropriate order will be entered by the Court.

DATED: March 15, 2016



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 8